## Berks County, to use of School District of Greenwich Township, *versus* Levan *et al.*

1. By the Act of April 15th 1834, five per cent. commissions are allowed to tax collectors.    The Act of March 24th 1851 gives the collection of taxes in Greenwich township, Berks county, to the lowest bidder, and directs that the difference between the bid and the five per cent. commissions allowed by the Act of 1834 should be paid to the school district of the township.  *Held,* that the practical effect of this act was to reduce the commissions to the amount bid, and that the county can recover the difference on the official bond of the collector appointed under the Act of 1851.

2. In a suit on a bond, where a legal and equitable plaintiff are joined, it is not necesssary for the latter to show title to the obligation, unless for the purpose of meeting and answering some defence, which, though good against the legal plaintiff, is not good as against him.

March 5th 1878.   Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Trunkey, JJ.   Woodward, J., absent.

Error to the Court of Common Pleas of *Berks county :* Of January Term 1878, No. 10.

Debt on an official bond, brought by the county of Berks, to the use of the School District of Greenwich township, against Francis Levan and his sureties, on an official bond given to the county, conditioned that said Levan should faithfully perform the duties of collector of taxes for said township, in said county, and pay over to the county treasurer the state and county taxes to be col-

[County of Berks v. Levan.]

lected for the year 1871. The facts are sufficiently stated in the opinion of this court. The defendant contended that there could be no recovery in this action, and the court directed a verdict for the plaintiff, reserving the consideration of the "legal question" involved in the case. Subsequently a rule to show cause why judgment should not be entered for defendant *non obstante veredicto* was made absolute, the court, Sassaman, A. L. J., in an opinion, inter alia, saying :—

" There is no change of parties and the suit still stands to use on the bond. Under the Act of the 15th of April 1834, section 25, every collector of taxes is entitled to retain, at the final settlement of his duplicate, the sum of five per cent. on all moneys collected. The county could not enforce payment of this five per cent., and we fail to see any power given by the 6th section of the Act of the 24th of March 1851, to the county treasurer, to collect anything more from a tax collector than the ninety-five per cent. of the ·full amount of his duplicate. This bond was given to the county of Berks, and so far as the .proof went it was given in evidence under exception in precisely the form in which it was given originally to the county. The county could not recover on this bond. The equitable plaintiff could not recover any more than the legal plaintiff. An equitable plaintiff suing on a bond would be obliged to show his title to the obligation. There was . none (title) shown in this case. If the legal plaintiff cannot recover it is very evident that the equitable party cannot."

This ruling was assigned for error by plaintiff, who took this writ.

*E. G. Green,* for plaintiff in error.—The equitable plaintiff need not be named on the record : Reigart *v.* Ellmaker, 6 S. & R. 44 ; Reigert *v.* Ellmaker, 10 Id. 27 ; Memphis, &c., Railroad Co. *v.* Wilcox, 12 Wright 161.

*Samuel L. Young,* for defendant in error.—The condition of the bond was complied with, and the question is not therefore whether Levan owes the school district, but whether this county has, in this action, the right to recover.

Mr. Justice SHARSWOOD delivered the opinion of the court, March 18th 1878.

This was an action on an official bond given by the defendant and two sureties unto the county of Berks, reciting that· "whereas the above bounded Francis Levan has been appointed by the commissioners of Berks county, collector of county and state taxes for Greenwich township in said county for the year 1871," and conditioned that the said Levan "shall well and faithfully perform the duties of said appointment as collector aforesaid and pay over the

[County of Berks *v.* Levan.]

amount of the taxes required to be collected for said township to the county treasurer" within the time limited.

The sixth sect. of the Act of March 24th 1851, Pamph. L. 243, provided that "the collection of state and county taxes in the townships of Maxatawney and Greenwich, in Berks county, shall be given to the lowest bidder for the same," "and the difference between the compensation now allowed by law for the collection of such taxes and the bids obtained under the provisions of this sec tion shall be paid into the common-school fund for the purposes of education in said township."

It appeared that under this section the collection of state and county taxes for Greenwich township for 1871 was awarded to Levan at his bid of $38.90. It appeared also that he had settled in full his duplicate, retaining his full commission of five per cent. on the amount. The difference between the commission five per cent. and the amount of his bid was $89.30. Whether he is liable on his official bond to the county of Berks for this sum was really the question reserved and upon which a judgment for defendant *non obstante veredicto* was afterwards entered.

We are of opinion that on the proper construction of the Act of 1851, the collector is legally liable to the county for the whole amount of the duplicate, less the amount of his bid for collection. The difference is to be paid by the county into the common-school fund. Practically the effect of the act is to reduce the commissions to the amount bid. The collector is appointed by the commissioners and is to pay over the taxes collected to the county treasurer. He stands in no relation to the school directors. Some difficulty seems to have arisen in the court below from the fact that the suit on the bond had been marked to the use of the school district. It was mere surplusage. It is the legal party on the record only that is to be looked at, unless indeed a defence should be shown against the equitable party. No doubt this suit was prosecuted for the use of the school district, and if it had been shown that Levan had really paid the difference between his bid and the five per cent. commission into the common-school fund, it would have been a perfectly good defence. But nothing of the sort was pretended or offered to be proved. It was an error in the court below to suppose that an equitable plaintiff suing on a bond would be obliged to show his title to the obligation. It is never necessary unless for the purpose of meeting and answering some defence which though good against the legal plaintiff is not good as against him; as for example, payment to the legal plaintiff after notice of the equity. On the whole we think the plaintiff below, the county of Berks, is entitled to judgment on the reserved point.

Judgment reversed and now judgment for the plaintiff in the verdict on the reserved point.