INHABITANTS OF BRUNSWICK *vs.* SAMUEL SNOW, and others.

Cumberland. Opinion February 18, 1882.

*Taxes. Bond of collector. Sureties. Damages for breach.*

One of the duties of a collector of taxes is to pay the treasurer all the money received upon the taxes committed, though received under a defective warrant. A neglect to do so is a breach of his bond, conditioned to secure a faithful performance of his duties as collector of taxes; and the sureties in the bond, having entered into the same covenant as the principal, are equally liable for a breach of it.

In a suit against the sureties in a collector's bond for money actually received as taxes by the collector under a defective warrant, and not paid over, the measure of damages is the amount actually collected as taxes and interest, and interest on the same from date of demand, deducting all payments made by the collector to the treasurer (not including orders and receipts for discounts or abatements) and any amount collected on a warrant of distress,

and paid over, also deducting such compensation as the collector is entitled to receive for his services for the collections actually made and paid over by him.

ON REPORT.

The opinion states the case.

*Weston Thompson*, for the plaintiffs, cited: *Wendell* v. *Fleming*, 8 Gray, 613; R. S., c. 6, § § 97, 100; c. 82, § 9; Stat. 1874, c. 223; *Colton* v. *Stanwood*, 68 Maine, 482; *Morrell* v. *Sylvester*, 1 Maine, 248; *Gould* v. *Monroe*, 61 Maine, 544; *Gorham* v. *Hall*, 57 Maine, 58; *Great Barrington* v. *Austin*, 8 Gray, 444; *Police Jury* v. *How*, 2 La. 41, (20 Am. Dec. 294); *Ford* v. *Clough*, 8 Maine, 334; *Kellar* v. *Savage*, 20 Maine, 199; *Bethel* y. *Mason*, 55 Maine, 501; *Johnston* v. *Wilson*, 2 N. H. 202; (9 Am. Dec. 50); *Trescott* v. *Moan*, 50 Maine, 347; *Orono* v. *Wedgwood*, 44 Maine, 49; *Boothbay* v. *Giles*, 68 Maine, 160; *Kellar* v. *Savage*, 17 Maine, 444; *Johnson* v. *Goodridge*, 15 Maine, 29; *Hancock* v. *Hazzard*, 12 Cush. 112; *Union* v. *Smith*, 39 Iowa, 9; (18 Am. Rep. 39); *Caldwell* v. *Hawkins*, 40 Maine, 526; *Nowell* v. *Tripp*, 61 Maine, 426; *Judkins* v. *Reed*, 48 Maine, 386; 61 Maine, 400; *Carville* v. *Additon*, 62 Maine, 459; *Sprague* v. *Bailey*, 19 Pick. 436; *Sandwich* v. *Fish*, 2 Gray, 298; *Farmington* v. *Stanley*, 60 Maine, 472; *Scarborough* v. *Parker*, 53 Maine, 252.

*S. C. Strout, H. W. Gage and F. S. Strout*, for the defendant sureties.

The warrant to the collector is invalid, in that it exempts from distress, "animals" "and other goods and chattels" exempted from attachment, and imposed no duty upon the collector, and consequently the defendant sureties are not liable for uncollected taxes. R. S., c. 6, § 94; *Orneville* v. *Pearson*, 61 Maine, 552; *Boothbay* v. *Giles*, 64 Maine, 403.

The obligation assumed by the sureties was that Snow, the collector, should perform his legal obligations. It would seem to follow that an illegal commitment of taxes, as all these commitments were, imposed no liability upon the sureties as to any of the taxes. We are aware that there are some decisions of

this court, which seem to imply that in such case the sureties may be liable for moneys actually collected by the collector, but we submit that the sureties, who have no control over the collector, ought not to be liable to the town, which has made an illegal commitment for anything done under such illegal act of the party complaining. Against an innocent party, the town ought not to derive a benefit, when itself guilty of neglect and illegal pro-ceeding in the matter, which is the foundation of the claim.

If the sureties can be held liable for the collected taxes not paid over by Snow, then the court, in determining the principles upon which damages are to be assessed, must allow, in favor of defendants, the amount of uncollected taxes, the amount collected on warrant of distress, and the unpaid commissions due Snow for collection, which will be on whole amount committed to him, as the town can only be entitled to the assessed amount less his commissions.

DANFORTH, J. This is an action upon a bond given to secure the fidelity of the principal as collector of taxes for the town of Brunswick. It is admitted in the bond that he was duly appointed as such. The principal makes no defence. The sureties defend on the ground that the warrant under which the taxes were committed was defective, and therefore illegal; that this was the fault of the town, and that "the town ought not to derive a benefit against an innocent pary, when itself guilty of neglect and illegal proceeding in the matter which is the foundation of the claim." The defect in the warrant is admitted; but that defect is not the foundation of the claim made here. The taxes not collected, are not claimed, but those which have been. The defect excuses the collector from collecting, but does not excuse him from paying over what is paid to him. This still remains a duty devolved upon him by virtue of his office. It was optional for him to proceed in the collection of the taxes, and exhaust what authority was given him for that purpose, or decline to do so. But electing to proceed as he did in this case, he must proceed as collector, and can do so in no other capacity. Whatever money he receives upon the taxes, he receives as collector. The condition of the bond is "that if the principal shall well and faithfully perform

the duties of his said office, then this obligation to be void, otherwise to remain in full force." If then there has been a failure to pay over the money collected, there has in that respect been a failure to perform the duties of his office, and a breach of his bond. If there has been a breach on his part, the sureties must be equally liable with the principal. That is the covenant which they made, the contract to which they became parties. In *Booth-bay* v. *Giles*, 68 Maine, 162, it is said that "a bond conditioned for the faithful performance of the duties of collector, will hold him and his sureties to pay over money which he has collected after the delivery of the bond." This principle is fully sustained by the cases cited, as well as by later ones. If there is such a failure to pay over as is claimed in this case, and which the evidence tends to show, the action can be maintained against the sureties as well as against the principal, and by the provision of the report it only remains to settle the principles upon which damages are to be assessed.

The defendants are to be charged for all moneys received upon the taxes, including the school district tax, committed to the collector for the year 1875. This will include the interest received upon taxes tardily paid, as well as interest chargeable to the collector for non payment of money received after it became payable by reason of a demand, or from the date of the writ.

They are to have credit for all payments made by the collector to the treasurer. This does not include orders or receipts given for discounts made by vote of the town, or for abatements.

The amount collected on the warrant of distress, and credited on the school district tax, must also be allowed. Whether the treasurer was guilty of trespass in issuing such warrant, is a matter not to be decided in this action. That issue is pending between other parties. If the treasurer committed a wrong, he alone must bear the consequences whatever they may be. But at present we see no occasion for supposing a double payment of the damages to be one of the consequences. If the amount so paid should prove to be a greater amount than was due from the collector upon that assessment, there would seem to be no good reason why the excess should not be refunded. So far as it is a

payment of a valid claim against the collector, if the treasurer fails in his defence of the action against him, it may be proved in mitigation of damages. *Pierce* v. *Benjamin*, 14 Pick. 361; *Lovett* v. *Pike*, 41 Maine, 340.

The compensation for collecting in the first instance, was fixed by express contract. That contract has been fulfilled by neither party. It was a necessary part of it that the collector should have the legal warrant, as well as a valid assessment. The warrant was defective, and for this reason the assessors failed on their part. Whether this resulted in injury to the collector, does not appear, for there is no evidence to show whether the failure to collect, so far as there was a failure, resulted from his own neglect, or from his inability to collect, on account of the defect. On the other hand there was not only the failure of the collector to collect all the tax, or exhaust all the authority he did have for that purpose, but especially in not paying over the money he did collect as it was his duty to do. Whatever then he is entitled to receive, if anything, is the actual value of his services to the town, by virtue of an implied contract. He should not suffer on account of the delinquency of the assessors, but must bear the responsibility of his own. But whether this compensation whatever it may be, if anything, can be deducted from the liability of the collector in a case like this, is a more serious question. It is evident that it is a distinct demand against the town. His pay is to come from the town, and through the municipal officers. The treasurer has nothing to do with fixing the amount or paying it, except as he does so upon the orders of the proper officers. The collector has no right to retain it. By his warrant as well as by the provisions of the statute, he is required to pay over to the treasurer all the money he collects. R. S., c. 6, § § 94, 95, 99, 130; laws of 1874, c. 162, § 2. It has not been filed in set-off in this case, nor could it have been, for, if for no other reason, it is not a demand due from the plaintiffs to all of the defendants. But this action is for damages for a breach of the bond. These services grew out of, are connected with, and incident to this claim. The damages to the town are lessened just so much as the services, under all the circumstances, were worth to the town.

They may be said to be diminished to that extent. If so, it would certainly seem that the sureties ought to have the benefit of such mitigation, rather than that they should be deprived of it and give it to the principal in a claim against the town. What the value of the services rendered, is, if anything, can be ascertained upon a further hearing, and such amount allowed, if in excess of what has been paid. It certainly cannot include commissions upon money forced from him by warrant of distress, or discounts or abatements, but must be confined to the money actually received and paid over.

*Action to stand for assessment of damages.*

APPLETON, C. J., WALTON, VIRGIN and SYMONDS, JJ., concurred.