## Finney Templeton et al., Plffs. in Err., *v.* Commonwealth of Pennsylvania.

In an action of debt on a tax collector's bond, against the collector and his sureties, it is no defense that the collector (since the execution of the bond) has given to the county treasurer a note for the balance due from him for taxes, on which judgment has been entered, execution issued, and the collector's real and personal property sold.

The county treasurer had no power to release the sureties from their obligation to the commonwealth, even if he intended to substitute the collector's note for the bond.

NOTE.—Whether one seal was adopted by another is a question of fact, and a finding by the auditor, approved by the court below, will not be disturbed. Hess's Estate, 150 Pa. 346, 24 Atl. 676. So the printed seal on a note may be adopted. Lorah v. Nissley, 156 Pa. 329, 27 Atl. 242.

In an action on a bond signed by four persons, but containing only three seals, placed respectively opposite the first three names, and containing the words, "sealed with our seals," it is a proper question for the jury whether the defendant, against whose name there was no seal, did, or did not, adopt one of the several seals to the bond, as his own.

(Decided November 1, 1886.)

Argued October 15, 1886, before GORDON, TRUNKEY, STERRETT, and GREEN, JJ. October Term, 1886 No. 180, W. D. Error to the Common Pleas of Armstrong County to review a judgment on a verdict for plaintiff in an action of debt on a tax collector's bond. Affirmed.

This action was brought in the name of the commonwealth for the use of Armstrong county, against James H. Hill, Finney Templeton, Joseph K. Patterson, and William Kirkpatrick, to recover a balance due to the county on a certain duplicate for taxes. Judgment was taken against James H. Hill and Joseph K. Patterson by default. The defendants, Finney Templeton and William Kirkpatrick, pleaded *non est factum, nil debet,* release, discharge, satisfaction, etc.

At the trial before WHITE, P. J., the bond was offered in evidence and was objected to by defendants, because it "is not the bond of one of the defendants, no seal being attached to his name." Objection was overruled and the bond admitted, and exception noted. First assignment of error.

The bond was conditioned as follows: "We, James H. Hill, Finney Templeton, Joseph K. Patterson, and Wm. Kirkpatrick, of Cowanshannock township, in the county of Armstrong, are held and firmly bound unto the commonwealth of Pennsylvania in the sum of forty-four hundred dollars and —— cents, lawful money, to be paid to the said commonwealth, her certain attorneys or assigns, to which payment, well and truly to be made, we bind ourselves, our heirs, executors, and administrators, firmly by these presents. Sealed with our seals and dated this 16th day of October, A. D. 1877."

It was signed by Hill and the three sureties in the order named, but contained only three seals, placed respectively opposite the first three names. Defendants interposed as a defense that Kirkpatrick, who signed last, never made a seal, and is not holden in this form of action, and that if he is not holden

the others are not liable. It appeared that the bond in question was filled out on a printed blank which contained only three printed seals.

The court charged the jury, *inter alia,* as follows:

"[Now, then, if there were no seals to this paper at all, the mere expression and words 'sealed with our seals,' would not make this a sealed instrument. Still, without that expression in the body of this paper, the presence of the seals at the foot of it would make it a sealed paper. These observations are prudent while inquiring as to your duty about the meaning of that expression 'sealed with our seals' in connection with Mr. Kirkpatrick's name. This is the nature of the bond offered. Does it furnish, in itself, from its own expressions, intrinsic evidence that Mr. Kirkpatrick intended to adopt the seal immediately above his name as his seal to this instrument?] Now you must not strain the points unnecessarily in this case. What is the conclusion which this reading and the appearance of this paper and the circumstances force to your minds? Do you believe and find that he intended to adopt the seal immediately above his name for his own upon this paper? If you find he never did seal it, but just signed it and did not intend to adopt it, and that the paper does not convince you that he intended to adopt the seal above, then your verdict should be in favor of Mr. Kirkpatrick. How is this? Take this instrument and inquire.

"[In this case it is said that if you should find Mr. Kirkpatrick did not adopt this seal that his colleagues in the case would be relieved. We cannot so instruct you, gentlemen. While it is a joint paper it is a bond of indemnity to the county, and each person executing that paper is responsible for his act, and if Mr. Kirkpatrick's name is not properly on it, it would not amount to anything so far as this case is concerned, in our opinion, to relieve the other parties who signed the paper. We have the highest authority to instruct you in this way. So much for the effect of these seals, gentlemen.]"

The defendant presented the following point:

That under the evidence in this case, this being a joint action on bond, and there being no seal to the signature of one of the defendants, he is not bound in this action, and that therefore no recovery can be had against either of the defendants on trial.

*Ans.* We have in our general charge instructed the jury that, this being an action to recover on a sealed instrument, no re-

covery can be had under the pleadings in this case against Kirkpatrick, unless the jury find that he has adopted as his the seal immediately above his name, as we have shown you. This would not affect the right of the plaintiff to recover here against the other defendants who have seals following their names, as we have instructed you, notwithstanding you find Mr. Kirkpatrick did not adopt the seal above; while if you should find that the defendant was not released by the other branch of the case, you will still return a verdict against him.

The defendants further contended at the trial that even if the sealing and signing were held sufficient, defendants were not responsible, because a new contract and new arrangement was made between Elwood, former treasurer of the county, and McCain, former attorney of the county, and the principal debtor, James H. Hill, by which Hill gave to Elwood, as treasurer, a note payable to his order for the sum of $1,638.81, balance of such taxes due from him at that time, on which judgment was subsequently entered, and an execution issued, and Hill's personal property and real estate were sold, realizing the sum of $393, which was credited on the claim in this suit. Plaintiff contended that this note was given as collateral security only, and not in satisfaction of amount due at that time. The court left it to the jury to say whether there was a contract made between the parties to the note for an extension of time, or whether there was a mere arrangement that the note should be taken as additional or collateral security, and charged the jury on this point, *inter alia,* as follows:

"[They (defendants) have presented this note themselves, and say, upon its face, being payable in 30 days, it raises the implication that a new contract was made. We do not so understand the law to be. While the production of this note fixing payment at a future date is proper for the consideration of the jury, yet, more is incumbent upon them. It is necessary for them to show that this note was not taken as a mere additional or collateral security, but that it was accepted as a new contract by the county or the county's representatives, to entitle the sureties to release. Have they shown this?]"

The jury returned a verdict for plaintiff, upon which judgment was entered, and defendants took this writ, assigning, *inter alia,* as error the portions of the charge enclosed in brackets, the

admission of the bond in evidence, and the answers to defendants' points.

*Barclay Nulton* and *David Barclay*, for plaintiff in error.—A seal is essential to a bond. A bond unless valid is no bond at all. An erasure destroys the validity of a bond. In a joint bond the destruction of a seal of one obligator destroys it as to the others. Rittenhouse v. Levering, 6 Watts & S. 198.

It was error to submit to the jury the question whether Kirkpatrick adopted the seal opposite the name above his. Bowman v. Robb, 6 Pa. 302.

Ball v. Dunsterville, 4 T. R. 314; Shep. Touch. 55; 1 Phillipps, Ev. 467, 4th Am. ed. show without doubt that an intention will not do, that an assent must be proved. See also Warren v. Lynch, 5 Johns. 246.

There was not the slightest evidence of an adoption by Kirkpatrick of any seal as his own, there was no proof *aliunde,* there was no evidence given of intention, and therefore the court left to the jury, to find as a fact, that of which there was no evidence. Sartwell v. Wilcox, 20 Pa. 117.

Whether this bond was under seal or not, as to Kirkpatrick, was a question of law to be solved by the court, from the inspection of the paper itself. Duncan v. Duncan, 1 Watts, 322.

To constitute a good bond, the sealing is essential and cannot be dispensed with. 3 Chitty, Contr. 6th Am. ed; 1 Phillipps, Ev. 466.

When a deed is joint, or joint or several, as in this case, the defendant who is sued may show that the seal of one of the obligors has been torn off. But it is otherwise where the obligation is entirely several. Rittenhouse v. Levering, 6 Watts & S. 198; Seaton, v. Henson, 2 Shaw, 29; 1 Chitty, Pl. 48, 51; Sharp v. United States, 4 Watts, 23, 28 Am. Dec. 676.

*Jno. F. Whitworth & J. M. Hunter,* for defendant in error.— Whether the bond is a specialty as to Kirkpatrick depends upon his adoption of one of the seals above his name as his seal. It is conceded that one may adopt the seal of another as his seal. Bowman v. Robb, 6 Pa. 302.

It is enough if there was a sealing and delivery; of this the jury are to judge. And upon proof of the handwriting of the obligor, they may presume a sealing and delivery. Long v.

Ramsay, 1 Serg. & R. 72. See also Sigfried v. Levan, 6 Serg. & R. 311, 9 Am. Dec. 427.

The note was no evidence of an agreement to give time on the bond. The law presumes that it was given merely as collateral or additional security. Pring v. Clarkson, 1 Barn. & C. 14; Shaw v. First Associated Reformed Presby. Church, 39 Pa. 226; Weakly v. Bell, 9 Watts, 273, 36 Am. Dec. 116.

PER CURIAM:

The county treasurer had no power to release the sureties from their obligation to the commonwealth, so that even had he intended to substitute Hill's note for the bond, it would have amounted to nothing. Whether Kirkpatrick did or did not adopt one of the several seals to the bond as his own was properly left as a question for the jury.

The judgment affirmed.