## Lynch, for Use, Appellants, *v.* Lynch et al.

*Partition—Bond, for mesne profits, on appeal.*

A bond, under the Act of March 17, 1845, to secure mesne profits on appeal from partition proceedings is for the use of the parties entitled to the mesne profits, without regard to the obligee named in the bond.

*Form of action and judgment.*

Suit is properly brought in the name of the obligee as legal plaintiff, in this case the widow, for the use of all the parties in interest, and judgment should be entered in the aggregate, to be distributed among the parties entitled.

Argued Jan. 13, 1892.    Appeal, No. 147, July T., 1891, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1887, No. 52, for legal plaintiff and refusal of judgment for use plaintiffs for want of sufficient affidavit of defence, in assumpsit on appeal bond for mesne profits in partition proceedings. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

The facts appear by the opinion of the Supreme Court. After the affirmance of the proceedings in partition covered by the appeal bond, the master stated an account of the mesne profits, finding Anthony Lynch indebted individually $546.43 to the widow, the legal plaintiff in this suit, and to the other heirs, the use plaintiffs, including the other obligors in the appeal bond, stating the amount due to each. This action was brought against Anthony Lynch alone, and his sureties, in the name of the widow, for the use of herself and the other heirs. The plaintiffs' statement recited these proceedings and claimed to recover a *pro rata* share for the use of each plaintiff. The affidavit of defence alleged that as the widow was the only ad-

verse party in the partition proceedings and the only obligee named in the bond, there could be a recovery for no more than her share. The court made absolute a rule for judgment for want of a sufficient affidavit of defence as to the widow, the legal plaintiff, only. This appeal was then taken by Virginia Reed Lynch for use, etc.

*Error assigned* was refusal of judgment for $500 with interest.

*H. Gordon McCouch*, for appellants, cited 1 Chitty's Pl., p. 3, 16th Am. ed.; Magill v. Magill, 29 Pitts. L. J. 231; Greenfield v. Yeates, 2 Rawle, 158; Shunk v. Miller, 5 Pa. 250; Dunmore Borough v. Dolph, 2 Luz. Leg. Reg. 189; Murfree, Official Bonds, § 430 *et seq.*; Claasen v. Shaw, 5 Watts, 468; Hoxie v. Weston, 19 Me. 322, 329.

*Wendell P. Bowman*, for appellees.—The Act of Assembly requires the bond to be given to an adverse party, in this case the legal plaintiff alone. Public policy forbids that she should receive the moneys without security. This is the reason bonds are usually given to the commonwealth.

OPINION BY MR. JUSTICE STERRETT, July 13, 1892.

This suit against Anthony Lynch and his sureties, James McElwee and Michael McCullough, is on their obligation given on appeal to this court from the decree in Lynch v. Lynch et al., reported in 132 Pa. 422. That was a proceeding in equity for the partition of certain real estate, and an account of the rents thereof, resulting in a decree declaring, in effect, that the land in question descended to the defendants therein, as next of kin of Daniel J. Lynch, deceased, subject to the interest of his widow, the said Virginia Reed Lynch, in one half thereof, and ordering that said land be sold and the proceeds divided among the parties according to their respective interests. From that decree Anthony Lynch and two other defendants appealed to this court; and, being in possession of the land, the obligation in suit was given to Virginia Reed Lynch, plaintiff in said proceedings, in the penal sum of $500, conditioned " that if said appellants prosecute their appeal with effect, and, during their possession of the property in question, will not commit, or suffer to be committed, any waste thereon; and in case said appeal be dismissed or discontinued

or the decree be affirmed, said appellants will pay the value of the use and occupation of said property from the time of appeal until the delivery of the possession thereof, etc., then this obligation to be void or else to remain in full force and virtue."

The decree above referred to was affirmed by this court, and the obligor and his sureties having become absolutely fixed, this suit was brought against them to recover the amount for which they thus became liable. On a rule for judgment for want of a sufficient affidavit of defence the court held that, inasmuch as Mrs. Lynch, the legal plaintiff, was the only obligee named in the instrument sued on, there could be no recovery for the benefit of the use plaintiffs, and the rule was accordingly made absolute, as to her only, and judgment entered in her favor for $157.88, the amount of her personal interest in the matter in controversy. Hence this appeal in the interest of the use plaintiffs. They contend that the obligation, although in the name of Mrs. Lynch, as sole obligee, was in fact for the benefit of themselves also. In that we think they are right.

The obligation, in suit, was given for the purpose of securing, pending the appeal, not only the interest of Mrs. Lynch in the subject-matter of the controversy, but also the respective interests of the present use plaintiffs. The appeal, with the security thus given for the protection of the appellees, was intended, and doubtless did operate as a supersedeas of the decree. As to the respective interests of the use plaintiffs, in the subject-matter to which the obligation relates, Mrs. Lynch occupies the position of a trustee, and the suit was accordingly brought in her name as legal plaintiff to the use of those interested with her in the amount for which the defendants became liable, under the condition of the obligation in suit, upon the affirmance of the decree above referred to. There is no difficulty in thus giving to the instrument that effect which it was undoubtedly intended to have. In conformity to the provisions of the Act of March 17, 1845, Purd. 699, the condition of the obligation is, *inter alia*, that appellants " will pay the value of the use and occupation of such property," etc. This of course means that they will pay it to or for the use of the party or parties entitled thereto.

The act does not require, nor does the condition of the instrument in suit provide, in terms, that payment shall be made

to the obligee alone in his or her own right; nor was it ever so intended.  Recognizances and bail bonds are frequently taken in the name of the commonwealth, and sometimes in the name of a party not pecuniarily interested; but, whether taken in either of these forms or in the name of those for whose protection they are intended, they are always—in the absence of some statutory prohibition—construed to enure to the benefit of all the parties in interest.  Indeed, it is sometimes impossible to know in advance, who all the interested parties are.  Whenever it can be fairly and reasonably done, such instruments should always be so construed as to prevent a miscarriage of justice.  In this case, we think the learned court erred in unduly restricting the operation of the instrument in suit.

Judgment reversed and ordered that the record be remitted to the court below with direction to enter judgment against defendants for five hundred dollars, the amount of the obligation sued on, to be distributed to and among the parties named in plaintiff's statement of claim, unless other legal or equitable cause be shown why such judgment should not be so entered.