## Klein, to use, Appellant, *v.* Lancaster Trust Co., Trustee.

*Judgment note—Use-plaintiff—Defenses—Estoppel.*

1. Unless an estoppel arises, a use-plaintiff has no higher standing in a litigation than the legal plaintiff would have had. If, as to a nonnegotiable instrument in suit, defendant has a defense as against the latter, it is available as against the former.

*Corporations—Judgment note—Directors—Officers.*

2. That a judgment note in suit is signed by the proper officers of a corporation, is a matter of no moment unless they had express or implied authority to execute it.

3. The fact that meetings of the board of directors of a corporation were not being held about the time a judgment note was given by the officers of the corporation, does not validate it, in the absence of express or implied authority from the corporation.

Argued May 16, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 57, Jan. T., 1927, by plaintiff, from order of C. P. Lancaster Co., Nov. T., 1924, No. 294, making absolute rule to open judgment, in case of Paul Klein now to use of Reading Investment Co. v. Lancaster Trust Co., trustee in bankruptcy of Klein Brothers Milk Chocolate Co. Affirmed.

Rule to open judgment. Before HASSLER, J.
The opinion of the Supreme Court states the facts.
Rule absolute. Plaintiff appealed.

*Error assigned* was order, quoting it.

*Paul A. Mueller,* with him *Charles W. Matten,* for appellant.—The loan was authorized by the corporation and is binding on it: Hartzell v. Mining Co., 239 Pa. 602; Putnam v. Oil Co., 272 Pa. 301; Chestnut Street Trust, etc. Co. v. Publishing Co., 227 Pa. 235.

*Guy K. Bard* and *Bernard J. Myers,* for appellee, were not heard.

OPINION BY MR. JUSTICE SIMPSON, June 25, 1927:
Use-plaintiff appeals from an order of the court below, opening a confessed judgment, which it had caused to be entered against the defendant company. The order was right; any other course would have resulted in grave error. The undisputed facts are these:
Needing some money to make good a personal deficit, Paul Klein, president of defendant, went to Henry G. Hodges, treasurer of use-plaintiff, to see if it could be

obtained. Hodges drew up the judgment note in suit, and, in his presence, it was signed by Klein, as president, and by B. F. Hoffman, as treasurer of defendant. It was for $7,500, was drawn to the order of Klein himself, was payable, as to $4,000 thereof, in three months, and as to the balance, in four months from date. By an assignment, also drawn by Hodges, it was transferred by Klein to use-plaintiff, he receiving its check to his (Klein's) order, for $7,050. This check he deposited in his own bank account, and a day or so later purchased from defendant a number of shares of its preferred stock. Hodges made no inquiry, unless it was of Klein himself, as to the latter's authority to give defendant's note; in fact Klein had no such authority.

Under these circumstances, if there had been no assignment, Klein, the legal plaintiff, could not have sustained a judgment entered on the note, and use-plaintiff is in no better situation, since its right depends on his having a just claim: Guaranty Trust & Safe Deposit Co. v. Powell, 150 Pa. 16, 18; Com., to use, v. County of Phila., 193 Pa. 236, 239. A different question would arise if an estoppel existed in its favor, but this is neither averred nor proved. It is not correct to say, as appellant does, that defendant received the proceeds of the note; it received only the purchase price of the preferred stock which it sold and delivered to Klein. Nor does it make any difference that, under the by-laws, all notes were to be signed by the president and treasurer (as this one was), in the absence of proof that the board of directors authorized the making of the loan. Nor is it a matter of moment that about this time the board of directors did not hold any meetings because a quorum did not appear at the dates fixed. This neglect might well have called for action by a court of equity, had application been made thereto, but it could not tend to validate Klein's wrongful act. Nor does the delay in applying to open the judgment avail appellant. Defendant's trustee in bankruptcy, who petitioned to open it,

was guilty of no laches, and was in duty bound to see that the company's assets should be distributed to its real creditors, and to no others.

The order of the court below is affirmed.