## Commonwealth ex rel. Horner v. Houk et al., Appellants.

Argued April 17, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*William McElwee, Jr.,* and with him *J. Roy Mercer* of *Weingartner & Mercer, W. Walter Braham* and *William D. Cobau* of *Aiken & Braham,* and *John S. Powers,* for appellants.—No action can be maintained on the bond otherwise than in accordance with the act by which the bond is created, which act prescribes both the practice and the remedy: Valley Smokeless Coal Company v. Hager, 292 Pa. 440; Commonwealth ex rel. Wilhelm v. Morgan, 278 Pa. 395; Heller v. Fishman, 278 Pa. 328.

The Act of 1806 applies to special acts as well as to general acts: Fehr v. Navigation Co., 69 Pa. 161; Campbell et al. v. Grooms, 101 Pa. 481; Bunce v. Galbrath, 268 Pa. 389.

An ex-county treasurer of the County of Lawrence cannot maintain an action on a bond for his use as an individual without alleging that the taxing power has not been paid and without alleging that he has paid the money: First Nat. Bk. v. Rush Sch. Dist., 81 Pa. 307; Whitney v. Hopkins, 135 Pa. 246; Com. v. Ross. 5 Pa. C. C. 593.

The present use plaintiff was not liable or responsible for delinquent taxes: Commonwealth v. Connor, 207 Pa. 263.

*J. Norman Martin,* and with him *Norman A. Martin* of *Martin & Martin,* and *John G. Lamoree,* for appellee.—The Act of April 3, 1851, P. L. 317, does not prescribe the practice and the remedy for default of the constable: Hoeveler-Stutz Co. v. Cleveland M. S., 92 Pa. Superior Ct. 425; E. & S. Motor Transp. Co.

v. World Fire and Marine Insurance Co., 92 Pa. Superior Ct. 235.

Where one is charged with default of the provisions of a bond and it is averred that he has appropriated part of the moneys which he was obliged by the bond to pay, to his own use and then refuses to pay over the same, a general denial is not a defense: Fairbanks & Co. v. Flotron, 87 Pa. Superior Ct. 228; Wayne Tank & Pump Co. v. Thomas Petroleum Products Co., 83 Pa. Superior Ct. 158.

OPINION BY LINN, J., July 2, 1929:

This is an appeal from judgment for want of a sufficient affidavit of defense in a suit on a township tax collector's bond. We may assume that the suit resulted from the decision in Lawrence County v. Horner, 281 Pa. 336. Horner, as county treasurer of Lawrence County for the year 1922, was collector of state and county taxes pursuant to the Act of April 3, 1851, P. L. 317 (extended to Lawrence County by the Act of March 27, 1852, P. L. 197) and the Act of May 6, 1854, P. L. 600, supplementary to the Act of 1851. It was his duty (section 3) as to such taxes unpaid by September 1st, to issue his warrant with a schedule of unpaid taxes, etc., "to the constable of the proper township" requiring him to collect the taxes from the persons named in the schedule unless exonerated. For that service the constable was entitled to specified compensation. It would seem that for many years, such collecting constable retained as compensation 10% of the amount of the tax payable. The suit, Lawrence County v. Horner, supra, growing out of the audit of Horner's account as county treasurer for the year 1922, determined that the applicable statutes permitted a deduction of only 5% for the township collector's service, with the result, that for 1922 the treasurer, Horner, was surcharged with the amount so

unlawfully retained by the constable, it being the county treasurer's duty to see that all the tax payable was collected. That but 5%, and not 10%, was the constable's compensation was determined once for all in that case. Generally speaking one result of the decision was that any such collecting constable who had not paid over all the tax payable in 1922 less only the lawful compensation for collecting, had not performed the duty cast upon him by the law and assumed by him in taking office. Such collector and his sureties were therefore liable for the amount so withheld. An important question in the case is, at whose suit are they liable.

Accordingly, the present suit was brought to require the defendant, Houk, the collector who received the county treasurer's warrant to collect the taxes in Shenango Township, and the sureties on his official bond, to pay $178.26, averred to be the amount retained and not paid by him to the county treasurer as it should have been paid pursuant to the construction of the statutes made in Lawrence County v. Horner, supra, which, though made in 1924, represents what the law had been ever since the approval of the statutes, notwithstanding that a different view of the amount of the tax collector's compensation had been accepted locally.

The statement of claim set forth the statutes mentioned above, the duties assumed by the defendant collector, the retention by him and his refusal on demand to pay over the sum claimed, the filing and approval of his bond and the resulting liability of himself and his sureties. The affidavit of defense is defective and clearly insufficient; we must disregard its general denials, under familiar decisions construing the Practice Act: Kirk v. Showell Fryer Co., 276 Pa. 587, 590. The 17th paragraph of the statement makes this essen-

tially important averment: "The said John M. Houk [defendant collector for Shenango Township] made default in the payment of said taxes to the county treasurer of Lawrence County and did not pay over to him the full amount of said state and county taxes but kept and retained therefrom and appropriated to his own use $178.16 and still neglects and refuses to pay the same." Instead of finding in the affidavit of defense a specific denial of the averment that the collector received the money and appropriated it to his own use and refused to pay it to the county treasurer, we find (disregarding, as we must, the general denial) an evasion of the charge. The 17th paragraph of the affidavit is as follows: "The facts alleged in the 17th paragraph of the plaintiff's statement of claim are denied. There is nothing due and owing to the County of Lawrence on account of the bond upon which this suit is brought and the sum of $178.16 has been fully paid to and received by the County of Lawrence."

It will be noticed that the statement averred specific default by defendant Houk and that he did not pay $178.16 to the treasurer; there is no averment in the affidavit that Houk or any designated person on his behalf, did in fact pay the amount in dispute to the use-plaintiff or to the county treasurer. It is not enough to aver that nothing is due to the county; such an averment is merely defendant's opinion of the state of the account; the purpose of the suit and of the averment was to determine whether anything is due as alleged, and how much, not to ascertain defendant's opinion on the subject, for that opinion, however honestly entertained, might be based on a misunderstanding of the law governing the accounting; unless there was a specific traverse of the specific charge, the required issue was not made for trial. The same adverse comment applies to defendants' averment that

the sum "has been fully paid to and received by the County of Lawrence." When was it paid? Who paid it? Who received it on behalf of the county and what was his authority to release? Why are defendants careful to omit averring that it was paid by them or on their behalf, and to whom, if it was so paid? These are some of the obvious inquiries that at once suggest themselves as among the matters that defendants should have covered when charged with liability by direct averment of default, non-payment and refusal to pay; such evasion and uncertainty have been repeatedly held to be insufficient to stop judgment: Fulton Farmer's Association v. Bomberger, 262 Pa. 43, 46; South Hills Trust Co. v. Baker, 278 Pa. 481, 484; Wayne Tank Co. v. Petroleum Co., 83 Pa. Superior Ct. 158, 161; Fairbanks & Co. v. Flotron Co., 87 Pa. Superior Ct. 288, 290. As this defect in the affidavit is not cured by other averments in it, further discussion of the insufficiency of the affidavit is unnecessary.

Indeed, appellants' brief shows that they have not properly understood the statement of claim and for that reason have not sufficiently answered it; in the brief it is said "The highest point to which the allegations of the statement of claim can rise is that the amount sued for was not paid by the defendants. That is not enough. Unless something is due and owing to the County of Lawrence, a stranger to the proceeding cannot collect from these defendants in this action and a careful reading of the statement of claim is conclusive that there is no allegation that anything remains yet due and unpaid to the taxing authorities." While the first part of that quotation inferentially concedes the inadequacy of the affidavit in the respect indicated in this opinion, the second part of the quotation brings

up the only other matter considered in appellants' brief that we need refer to, and to that we now turn.

Defendants also contend that this suit will not lie in the name of the Commonwealth to the use of Horner, and in support of their contention, say, that under section 13 of the Act of March 21, 1806, 4 Sm. L. 326, this suit must be brought as specified in section 7 of the Act of 1851, supra. We think the suit is so brought. Section 7 provides that if the constable "fail to make settlement and payment . . . . . . it shall be the duty of the treasurer of said county immediately to cause an action of debt [now assumpsit] in the name of the Commonwealth to be brought upon the bond of such constable." Appellants contend (in the words of their brief) that they can "be sued only by the county treasurer of Lawrence County" and not by an ex-county treasurer—the fact being that Horner's term of office had expired before this suit was brought. To reach that conclusion, it is necessary to read into the statute words that are not there and which, if inserted, alter the legislative intention plainly expressed. We cannot write into the act after the words "treasurer of said county" the words "at the time of bringing suit" because the pertinent sections of the act show that was not the legislative intention: Com. v. Gouger, 21 Pa. Superior Ct. 217, 229; Howard v. U. S., 184 U. S. 676, 687. Let us notice the duties the statute casts on the treasurer and on the constable. Section 3 requires the treasurer to issue his warrant and schedule to the constable "whose duty it is hereby made to receive the same . . . . . ." and to collect the taxes. Section 4 provides that the treasurer "shall charge such constable with the whole amount of taxes contained in the schedule thereto annexed in a book to be provided for the purpose from which liability such constable and his sureties . . . . . .

shall only be discharged by payment of said amount after deducting such exonerations ......'' (not involved in this suit). By sections 3 and 4, the constable must collect and becomes debtor to the treasurer in the amount specified. Examination of the statutory relationship of the treasurer to the delinquent township tax collector will show that the word "treasurer" in section 7 includes the same treasurer previously, designated, whether in or out of office when suit is brought, that it includes the treasurer whose warrant the constable is bound to execute by collecting the taxes set forth on the schedule. By section 2 the treasurer must collect the tax (except as exonerated by the commissioners). Sections 3 and 4 provide that he have the assistance of the township constable to collect taxes unpaid September 1, but during the whole year the treasurer nevertheless remains liable to the county for all the tax payable, and the constable's bond looks to the protection of the treasurer in that specified liability. Defendants' bond which is attached to the statement, provides "That if the above bounden John M. Houk as collector of state and county taxes in Shenango Township for the year 1922 shall and will well and faithfully discharge the duties imposed upon him by the act [of 1851 and the Act of 1852, supra] and shall well and faithfully pay to the treasurer of the said County of Lawrence the full amount of taxes contained in any warrant and schedule which shall be allowed to him by said county treasurer, after deducting exonerations, within four months, from and after the date of the delivery of any such warrant as aforesaid ...... then this obligation,'' etc. Now, the relation of a county treasurer to his delinquent tax collector has been described in various ways. It was suggested by the Supreme Court (Com. v. Connor, 207 Pa. 263), of legislation of this character, that "There was much

reason, therefore, in the view that when he [a county treasurer] appointed a collector of delinquent taxes he was appointing a personal agent to perform a duty for which he was himself at all events personally liable .........'' In the same case, in the opinion filed by Judge SHAFER in the court below, the relationship was also spoken of as contractual. As the Act of 1851 required the treasurer to deliver his warrant to the constable of the township (instead of to "any citizen of the county" as was provided in the statute under consideration in Connor's case) we think that Houk was a public officer and not merely a contractor with the treasurer or the county; Com. v. Connor, supra (though see Berks Co. to use v. Levan, 86 Pa. 360, where the right to collect delinquent taxes was purchased at auction). But in any of the three suggested views of the relationship, defendants are liable in a suit in the name of the Commonwealth, caused to be brought, by Horner, because to him as county treasurer a direct obligation was assumed by the township collector. If Horner, the treasurer to whom Houk was bound to pay the tax, was principal, with Houk as his "personal agent," the principal was clearly entitled by section 7 to cause suit in the name of the Commonwealth to be brought against his agent to enforce the agent's obligation; if Horner and Houk contracted with each other, otherwise than as principal and agent, there was likewise a breach of the contract made with him as a county treasurer, entitling him to the statutory redress; if Houk be regarded as a public officer— as we think he should be considered—the breach of official duty to his superior prescribed by sections 3 and 4 rendering him directly liable to his superior, is to be redressed under section 7. Taking the whole act, so far as it relates to the collection of taxes, the reasonable interpretation—and that is what must be

sought—is that the legislative intention was to authorize the treasurer to whom payment had not been made, but who was responsible to the county, "to cause an action ...... to be brought," whether at the moment of bringing suit he was still in office or not. We therefore agree that suit was brought under section 7 and that the elaborate argument of appellants based on alleged non-compliance with the Act of 1806, 4 Sm. L. 326, is without foundation.

Moreover, it is probably a mistake to insist as appellants do, (we need not decide whether it is or not) that the statute requires that suit be brought to the use of the county treasurer. All that the statute requires is that the county treasurer shall "cause an action ...... in the name of this Commonwealth to be brought." There may be a question whether such suit should be brought to the use of any individual, or whether it should be brought to the use of the county involved, as was done in Com. to the use of Armstrong County v. Templeton, 3 Sadler 550 (1886); (Armstrong County appears then to have had a somewhat similar system of collecting delinquent taxes, March 24, 1873, P. L. 357; see Sec. 8: this act was repealed June 24, 1895, P. L. 239). The point is, however, immaterial generally and particularly in this suit; as defendants have pleaded on the merits, the record would be taken as amended here in any event: Com. to use v. Singer, 31 Pa. Superior Ct. 597, 601. In Berks County to the use of the School District v. Levan, 86 Pa. 360, SHARSWOOD, J., said "Some difficulty seems to have arisen in the court below from the fact that the suit on the bond had been marked to the use of the school district. It was mere surplusage. It is the legal party on the record only that is to be looked at, unless indeed a defense should be shown against the equitable party. No doubt this suit was prosecuted

for the use of the school district, and if it had been shown that Levan had really paid the difference between his bid and the five per cent. commission into the common school fund, it would have been a perfectly good defense. But nothing of the sort was pretended or offered to be proved. It was an error in the court below to suppose that an equitable plaintiff suing on a bond would be obliged to show his title to the obligation . . . . . ''

In the case at bar, appellants made no such defense; on the contrary, as the quotation from appellants' brief made above shows, the affidavit expressly avoids alleging that Houk, the collector, or his sureties, paid either to Horner as treasurer, or to the county: as to the suit to the use, see Com. v. Snyder, 1 Pa. Superior Ct. 286, 291; Guaranty Co. v. Powell, 150 Pa. 16; Insurance Co. v. Smith, 11 Pa. 120, 124; Hoeveler-Stutz Co. v. Cleveland M. S. Co., 92 Pa. Superior Ct. 425, 428; Trans. Co. v. Ins. Co., 92 Ibid 235, 239; Blue Star Nav. Co., to use v. Coal Co., 276 Pa. 352, 356; Klein to use v. Lancaster Trust Co., 290 Pa. 280, 282; Automobile S. Co. to use v. Wilson, 293 Pa. 143.

Something is said on behalf of appellants to the effect that this bond was neither certified to the common pleas for purposes of suit, nor assigned to the use-plaintiff; neither was required: Berks Co. v. Levan, supra; Com. v. Snyder, 1 Pa. Superior Ct. 286, 291. ''The mode of proceeding on bonds given to the Commonwealth by public officers, and persons executing private trusts by legal appointment, is directed by statute. The action is to be brought in the name of the Commonwealth to the use of the persons interested, and at their instance. No assignment or authorization by any officer of the Commonwealth is required. Though the bond in this case does not in strictness belong to that class of obligations, the

analogy between them is such that, in the absence of other statutory direction, a similar proceeding for its enforcement may be sustained. Otherwise, the bond must fail of its purpose, for no officer of the Commonwealth has authority to assign it or direct suit on it. Moreover, the use-plaintiff is not required to prove his interest; it is enough that the legal plaintiff had a right of action: Irish v. Johnson, 11 Pa. 483; Crawford v. Stewart, 38 Pa. 34; Berks County v. Levan, 86 Pa. 360. Under the terms of the bond in this case, a right of action in the name of the Commonwealth arose from a breach of its condition. Nothing further is required": Com. v. Snyder, supra.

A suit to the use is equitable in its nature, and, when the obligation to the legal plaintiff is determined, a defendant may protect himself against payment to the wrong person by payment into court in accordance with familiar practice: Armstrong v. Lancaster, 5 W. 68; Guaranty Co. v. Powell, 150 Pa. 16, 18; Lynch v. Lynch, 150 Pa. 336, 339; Willock v. Beaver Valley R. R. Co., 60 Pa. Superior Ct. 589, and cases cited above.

Judgment affirmed.