## Pentrack, to use, v. Brownstown Borough

*Graham, Yost & Meyers*, for plaintiff; *Philip Lopresti*, for defendant.

GREER, J., April 22, 1932.—An action in assumpsit was instituted in this case to the above-stated number and term and a statement of claim filed by the

plaintiff. Instead of the defendant filing an affidavit of defense or statutory demurrer, by agreement the parties presented a case stated for the determination of the court.

The facts agreed upon are that the Borough of Brownstown during the years 1928 and 1929 had as its tax collector one Stephen J. Pentrack, and by the terms of an agreement between the parties his compensation was fixed at three per cent. of the amount of taxes collected and paid over by him to the borough. For the year 1928 Pentrack collected and turned over to the borough $7744.15, in 1929 the sum of $1032.28, in 1930 the sum of $689.28 and in 1931 the sum of $1250. For the year 1928 the borough paid Pentrack on account of commissions $182.07, which sum appeared in the auditors' report for that year. On June 9, 1931, Pentrack pleaded guilty to the embezzlement of $3246.45, being the balance of the 1929 duplicates outstanding at that time.

Pentrack assigned to the Independence Indemnity Company, use-plaintiff, all claims for commission that he might have had against the borough. The borough, however, refuses to pay any further commissions, on either 1928 or 1929 taxes, alleging that it is not legally bound so to do.

The amount of commissions yet unpaid is $314.03, and although not stated in the case stated, yet as agreed upon orally by the counsel for the respective parties at the time of the argument, the use-plaintiff, the surety for Pentrack for the years 1928 and 1929, paid the amount of his embezzlement plus six per cent. interest and five per cent. penalty.

By the terms of the case stated, if the court shall be of the opinion that Pentrack forfeited his right to commission on the taxes collected and accounted for by him by reason of his delinquency, or by reason of his failure to appeal from the auditors' reports, then the court shall enter judgment for the defendant, otherwise for the plaintiff in the above-mentioned sum.

The borough urges two reasons in support of its contention that Pentrack is not entitled to the balance of his commissions: One is a failure to appeal from the auditors' reports. As the reports in question simply showed the amount that he had received on account of his commission, without more, we are of the opinion that this branch of the contention is without merit.

The second reason assigned for refusal to pay is that Pentrack, by reason of his having embezzled a portion of the funds collected by him, forfeited his right to any commission on the sum actually accounted for by him to the borough. This presents a more difficult question for determination. Counsel for the plaintiff argues that the right to the balance of the commission is in the use-plaintiff because it is possible to sever that part of his duplicate for which he did account from the remainder thereof, citing as his authority the case of Allegheny By-Product Coke Co. v. J. H. Hillman & Sons Co., 275 Pa. 191.

An inspection of this case, however, discloses that it was between a private individual as principal and his agent. The relation of a tax collector to a municipality is not one of principal and agent but is of an entirely different nature. It is not founded on contract but is the service of a public officer whose rights would be determined by the will of the legislature: Com. v. Bacon, 6 S. & R. 322; Com. ex rel. Horner v. Houk et al., 96 Pa. Superior Ct. 363.

A reference to the Act of March 31, 1860, P. L. 382, Sec. 65, relating to embezzlement by a public officer, shows it to be defined as a misdemeanor punishable by a fine, but it is silent on the subject of forfeiture of the office or of emoluments. We have been unable to find any case in Pennsylvania directly upon the right of a municipality to cause the forfeiture by a delinquent officer of either his commissions or salary. It has been held, however, that the measure of responsibility of a surety on a collector's bond where he fails to pay over

taxes collected is the amount actually collected as taxes and interest, and interest thereon from the date of demand, less payments made by the collector, and also deducting the compensation of the collector for collections actually made and paid over: 61 C. J. 1035, § 1341, citing Brunswick *v.* Snow, 73 Me. 177.

In the absence, then, of any express legislation on the subject of forfeiture, and having in mind that the Borough of Brownstown has been compensated in full for the delinquency of its tax collector, we are of the opinion that the unpaid balance of the commissions is due the said tax collector, and by his assignment is now due and payable to the use-plaintiff, for whom judgment is hereby given in the sum of $314.03, this 22nd day of April, 1932.

From Henry W. Storey, Jr., Johnstown, Pa.