# Federal Street and Pleasant Valley Railway Co. *versus* Gibson.

| 96 | 83 |
|---|---|
| d192 | 547 |

| 96 | 83 |
|---|---|
| 200 | 179 |

| 96 | 83 |
|---|---|
| 212 | ¹336 |

| 96 | 83 |
|---|---|
| 227 | ¹320 |
| 41SC¹ | 91 |

1. While in many cases the mere fact of injury to a passenger on a railway car raises the presumption of a want of care, as where the injury results from defective track, cars, machinery or motive power, yet where a passenger in a railway car is injured by the act of a third party, over whom the railway company has no control, the burden of proof is upon the passenger to show not only that he was not guilty of contributory negligence but that the company was guilty of negligence and that thereby the injury was caused.

2. A passenger on the street car of a railway company was struck and injured by a passing load of hay : *Held*, that to make the company liable the passenger must prove not only that he was without fault but that the company was negligent.

3. Where a point is certified by the record and it appears thereby that it was offered and a bill sealed, although it was afterwards withdrawn, it may be reviewed by the Supreme Court.

November 1st 1880. Before SHARSWOOD, C. J., MERCUR, PAXSON, and STERRETT, JJ. GORDON, TRUNKEY and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county* : Of October and November Term 1880, No. 211.

Case by A. J. Gibson against the Federal Street and Pleasant Valley Passenger Railway Company, to recover damages for an

[Federal St. & Pleasant Valley Railway Co. *v.* Gibson.]

injury alleged to have been caused by the negligence of one of defendant's drivers.

At the trial it appeared that on the morning of July 8th 1879, plaintiff while riding down Federal street, in the city of Allegheny, in one of the cars of the defendant, was sitting in the car by the open window, his left arm resting on the window ledge, but whether it projected beyond the ledge was not shown. A load of hay passing along the street dragged the plaintiff's arm out of the window, and it was so crushed between the hay and the car that it was broken and otherwise injured. The car driver testified that he saw the load of hay coming, but thought he had plenty of room to pass, and that he therefore did not check the speed of the car, but continued at a trot, the gait at which he was going when he first saw the load of hay approaching.

The first point of the plaintiff which the court affirmed was as follows :

If the jury believe from the evidence that the plaintiff, while a passenger on the defendant's street car, was injured, without his own fault, the plaintiff is entitled to recover, unless the defendant satisfies the jury by the weight of the evidence that the injury arose from an accident which could not be prevented by the utmost skill, foresight and diligence on the part of defendant's driver. (First assignment of error.)

The first point of defendant, which the court refused, was as follows :

The court is requested to charge the jury that there is no evidence in the case sufficient to show negligence on the part of the defendant, and the jury should find for the defendant. (Third assignment.)

In the general charge the court, Collier, A. L. J., inter alia, said :

" If the plaintiff was injured without any fault on his part, then the burden is upon the company to show that the driver exercised the utmost degree of care and skill. (Fourth assignment.)

" If you find that the plaintiff was injured without fault on his part, the defendant company must satisfy you that the driver was not negligent, that he took the utmost care he could under the circumstances, otherwise your verdict must be for the plaintiff." (Fifth assignment.)

After the plaintiff's points were read to the jury his counsel withdrew them.

Verdict for plaintiff for $500, and after judgment thereon defendant took this writ, and alleged that the court erred as set forth in the above assignments of error.

*A. M. Brown* and *C. C. Dickey*, for plaintiff in error.—A carrier is not liable for injuries resulting either from the negligence of the passenger or from the misconduct of third parties

[Federal St. & Pleasant Valley Railway Co. v. Gibson.]

when there is no such privity between them and the carrier as to make the latter liable on the principle of *respondeat superior :* Pittsburgh, Fort Wayne & Chicago Railroad Co. v. Hinds, 3 P. F. Smith 512. But whether or not plaintiff was chargeable with contributory negligence, we submit that the court not only failed to state correctly the principle of law applicable to the case, but positively erred in casting the burden of proof upon the defendant: McCully v. Clarke, 4 Wright 399; Philadelphia & Reading Railroad Co. v. Hummell, 8 Id. 375; Allen v. Willard, 7 P. F. Smith 374; Pennsylvania Railroad Co. v. Goodman, 12 Id. 329. If the injury had been occasioned by a defective car or defective machinery employed by the company in its business, the burden of disproving negligence would have rested upon the defendant, but here the alleged injury was caused by the act of an outside party driving a wagon along a public street.

*J. W. Over*, for defendant in error.—The first assignment of error is improperly made as the points of plaintiff were withdrawn. The case was submitted to the jury on the charge of the court and the answers to defendants' points. The onus of proving negligence is upon the carrier when the injury is caused by a want of diligence or care in those employed: Miller v. Pennsylvania Railroad Co., 14 P. F. Smith 230.

Mr. Justice MERCUR delivered the opinion of the court, January 3d 1881.

This action was by a passenger to recover damages which he sustained while in a car of a street railway company, in being struck by a passing load of hay. He sat near an open window, with his arm so exposed that it was struck and injured by the hay on a passing wagon. Thus the proximate cause of injury, at least in part, was caused by the act of a third party, over which the railroad company had no control. If the injury was caused by contributory negligence of the passenger, or by the sole negligence of the driver of the wagon, there should be no recovery against the company. The jury has found the passenger was without fault on his part. To enable him to recover he must also prove that the company was guilty of negligence and its negligence was a cause of the injury. It is just here that the errors covered by the first, fourth and fifth assignments appear. The learned judge substantially charged, if the defendant in error was without fault, the company must prove that it was guilty of no negligence. Thus shifting the burden of proof resting on the passenger and throwing it on the company to disprove negligence. This was error. The duty rested on the defendant in error to prove negligence of the company. Without this he established no cause of action against it: McCully v. Clark, 4 Wright 399;

Allen *v.* Willard, 7 P. F. Smith 374; Waters *v.* Wing, 9 Id. 211. It is true in many cases the mere fact of injury to a passenger raises the presumption of want of care on the part of a railroad company. Such is the case when the injury results from defective track, cars, machinery or motive power. Here there was no privity between the company and the driver of the wagon. It was then not liable for the act of the driver thereof on the principle of *respondeat superior*: Railroad Co. *v.* Hinds, 3 P. F. Smith 512. The car did not leave its track. It is not alleged that any of the property of the company was improperly constructed or out of repair. If we correctly understand the complaint, it relates solely to the speed of the car. We see nothing in the case which relieved the defendant in error from proving negligence, or that threw on the company the burden of disproving it. It is not sufficient that he be free from fault, he must prove other facts creating a presumption at least of negligence in the company producing the injury. The question then on this branch of the case, is whether, under the whole evidence, the jury is satisfied that the company did not use all just and proper care and diligence to prevent the injury?

It was urged on the argument that the first assignment was improperly made, as the point covered thereby was withdrawn. It is, however, duly certified as a part of the record, showing that it was affirmed and bill sealed for defendant below. This creates a presumption that it was read and answered in the hearing of the jury. It then had an effect not removed by its subsequent withdrawal, and may be reviewed. That question is of no practical importance now, inasmuch as substantially the same instructions are contained in the portions of the charge covered by the fourth and fifth assignments. The second and third assignments are not sustained.

Judgment reversed, and a *venire facias de novo* awarded.