## Nichols Madara and Mary C. Madara, his wife, *v.* Shamokin and Mount Carmel Electric Railway Company.

*Negligence—Street railways—Evidence—Presumption.*

When a passenger is injured by a collision between a street railway company's cars, operated on its own rails, the presumption of negligence arises, and the burden is on the company to rebut it.

In an action by a passenger against a street railway company to recover damages for personal injuries it appeared that the passenger was on a disabled car standing on a steep grade. There was evidence that one V. sanded the rails when an attempt was made to move the disabled car; that he gave instructions to the motorman how to manipulate the machinery to start it; that, when all efforts proved futile, he told the motorman he would procure another car, and the motorman assented; that V. procured another car and, in operating it, ran into the disabled car, injuring plaintiff. *Held*, (1) that there was sufficient evidence to submit to the jury of the authority in V. to act for the company; (2) that the burden of proof was upon the company to show that V. was a mere intermeddler; (3) that as the company produced no evidence on the subject a verdict and judgment for plaintiffs should be sustained.

*Negligence—Actions—Act of May 8, 1895.*

Where an action of trespass has been brought by a husband and wife in right of wife for personal injuries to her, and the defendant has pleaded the general issue, it is not error for the court, more than two years after the accident, to permit the record to be amended so that the rights of husband and wife shall be consolidated and the action be governed by the provisions of the Act of May 8, 1895, P. L. 54.

Argued May 22, 1899. Appeal, No. 121, Jan. T., 1899, by defendant, from judgment of C. P. Northumberland Co., Feb. T., 1896, No. 188, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before SAVIDGE, P. J.

From the record it appeared that the action was begun on January 2, 1896, by Nicholas Madara and Mary C. Madara, his wife, in right of Mary C. Madara. The accident occurred on June 30, 1895. On April 19, 1898, at the time of the trial the court permitted the following amendment of the record:

And now, to wit: April 19, 1898, on motion of J. W. Gillespie and P. A. Mahon, attorneys for plaintiff, the record in above entitled cause be amended and the rights of the said Nicholas Madara and Mary C. Madara, his wife, be consolidated under the style and title of Nicholas Madara and Mary C. Madara, his wife, v. The Shamokin & Mt. Carmel Electric Railway Company, and that the suit shall be governed hereafter by the provisions of the act of May 8, 1895.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for Mary C. Madara for $1,254.17, and for Nicholas Madara for $795. Defendant appealed.

*Errors assigned* among others were (1) allowance of the amendment; (7) refusal to give binding instructions for defendant.

*C. M. Clement* and *Voris Auten*, for appellant.—The proposed amendment came too late, as more than two years had elapsed since the accident, and the claim of Nicholas Madara was barred by the limitation of the statute regulating actions for personal injury: Bratton v. Mitchell, 5 Watts, 70; Hackett v. Carnell, 106 Pa. 291; Kille v. Ege, 82 Pa. 102; Tyrrill v.

Lamb, 96 Pa. 464; Furst v. Building Assn., 128 Pa. 183; Grier Brothers v. Assurance Co., 183 Pa. 334.

The case at bar is on all fours with DuBois Borough v. Baker, 120 Pa. 266.

The provisions of the act are not doubtful and ought to be literally enforced: Rockwell v. Traction Co., 187 Pa. 568.

In case of railway corporations the rule is that to amount to ratification the adoption or confirmation of the wrongful act of the servant must be shown to be by some chief officer, vice principal, or alter ego (as he is sometimes called) of the company, who must be proved to possess, under and for the company, sufficient authority and discretion to act and speak for the company, as if it were, figuratively speaking, bodily present in the persons of its managers, speaking and acting for itself and on its own responsibility. No such authority is possessed by a local agent or a subordinate employee as a general rule, or at least we are not authorized to presume the existence of the authority upon their part in the absence of proof to that effect: Gulf, Colorado & Santa Fé R. R. Co. v. Reed, 48 Am. & Eng. R. R. Cases, 423; Towanda Coal Co. v. Heeman, 86 Pa. 418; Hexamer v. Webb, 101 N. Y. 377; Moore v. Columbia R. R. Co., 58 Am. & Eng. R. R. Cases, 493; McPeak v. Missouri Pacific Ry. Co., 4 Am. Neg. Cases, 806; Fredericks v. North Cent. R. R. Co., 157 Pa. 117.

The evidence in this case, instead of sustaining the ruling of the court below, brought the case at bar squarely within the rule as laid down by this court in Ebright v. R. R. & Mining Co., 2 Mona. 126.

*P. A. Mahon* and *J. W. Gillespie*, for appellees.—The amendment was properly allowed: Patton v. Ry. Co. 96 Pa. 169; Sauerman v. Weckerly, 17 S. & R. 116; R. R. Co. v. Stees, 77 Pa. 332; Com. v. Freeman, 166 Pa. 332.

The question of the liability of the defendant company for damages to persons for injuries sustained upon this car at the time and place in question has already been passed upon by the Superior Court of this state in the case of Quinn v. Railway Co., 7 Pa. Superior Ct. 19.

When Visick announced his intention of going for a relief car no objection was made, and the motorman abandoned his efforts to start his car until Visick should return.

This acquiescence of the motorman was sufficient evidence of Visick's authority to take the case to the jury : Duggan v. B. & O. R. R. Co., 159 Pa. 249.

Where one car or train of a carrier collides with another of its trains, or with some object under the usual control of the carrier, a presumption of negligence arises and places the burden of explanation upon the carrier: Thomas on Negligence, p. 292.

Where a passenger is injured by an accident arising from a collision or a defect in the machinery or roadway, he is required in the first place to prove no more than the fact of the accident and the extent of the injury; a prima facie case is thus made out, and the onus is cast upon the carrier to disprove negligence : Phila. & Reading R. R. Co. v. Anderson, 94 Pa. 351; Spear v. R. R. Co., 119 Pa. 61; Herstine v. L. V. R. R. Co., 151 Pa. 244; Bernhardt v. West Penna. R. Co., 159 Pa. 360; Shafer v. Lacock, 168 Pa. 497; Hutchinson on Carriers, sec. 799; Laing v. Colder, 8 Pa. 479; Penna. R. Co. v. MacKinney, 124 Pa. 462; Fleming v. Ry. Co., 158 Pa. 130; Clow v. Traction Co., 158 Pa. 410; Peck v. Michigan Central Ry. Co., 19 Am. & Eng. R. R. Cases, 257.

OPINION BY MR. JUSTICE DEAN, July 19, 1899 :

Mary C. Madara took passage for herself and five children on defendant's car at Shamokin for Green Ridge, about six miles distant, on the morning of June 30, 1895, and were carried safely to their destination. At 6 o'clock in the evening they took the same car line to return, Nicholas Madara, the husband, being then with his family. The car, on an up grade at Green Ridge, from some defect in machinery or power, stopped and could not be moved. One William Visick was there at the time assisting to get the car started, and giving directions as one having authority; not succeeding, he said to the motorman, that he would go to the car barn a short distance off and get another car, into which the passengers could be transferred and carried to their destination. He soon returned with another car, approaching the disabled and standing one on a steep down grade. From some cause the car he was on became unmanageable, ran into the disabled one standing on the track, and seriously injured Mary C. Madara, the plaintiff. The husband and wife brought

this suit in the names of both, each averring special damage sustained, as alleged, by negligence of defendant; the statement filed, as amended, is in substantial accord with the provisions of the act of May, 1895.

When the case came to trial in the court below the defense set up was, that Visick, who brought the second car, was a mere intermeddler, and acted without any authority from the railroad company. The defendant offered no evidence to establish this fact, but relied on that of plaintiff to make it out. It was conceded, that Visick was an employee of the company, though not a conductor or motorman, but in just what capacity, was not clear. Nicholas Madara testified positively, that he heard Visick say to the motorman he would go for the car, and the motorman assented, while the latter remained in charge of the disabled car then standing on a steep down grade. The court below, in a charge quite as favorable to defendant as it had a right to ask, submitted to the jury to find whether, in the exigency, Visick acted by the authority or instructions of the motorman in bringing up the relieving car, instructing them, if they did so find, then he was for the time being an employee of defendant; if, on the other hand, he acted of his own motion, then he was a mere stranger, and the railway company was not answerable for his negligence. There was a verdict and judgment for plaintiffs, and we have this appeal by defendant, assigning for error the instructions of the court as already noticed. It is argued that there was no sufficient evidence of any authority in Visick to act for the company, because there was no authority vested in the motorman to direct him to procure another car, and that, even if the motorman had such authority, the evidence wholly failed to show that he exercised it. There was evidence showing that Visick sanded the rails when they were attempting to move the disabled car; that he gave instructions to the motorman how to manipulate the machinery to start it; when all their efforts proved futile, then Visick told the motorman he would procure another car and the motorman assented. Under any view of this testimony, the court could not properly take the case from the jury. The disabled car was on a steep grade, a point full of peril to the passengers; surely, duty required the motorman, familiar with the machinery of the car, to remain at his post for their protection; nor could they stay in that

position indefinitely ; humanity, as well as safety, dictated that immediate efforts for the relief of helpless women and children should be made ; whether the motorman did that which was most prudent under the circumstances, was for the jury to say.

But aside from this point, which the jury has determined in favor of plaintiff, she was a passenger on defendant's car, and by their contract they owed to her the utmost degree of care ; being injured by one of the carrier's cars while occupying that relation, the presumption is, that it was through the negligence of the carrier.   The burden is on it to rebut the presumption by showing that Visick was a mere intruder upon the relieving car, acting wholly without authority.   The burden is not upon the passenger to prove that one apparently in authority, having access to the car barn, and the power to assume control of a car and run it on the road to the relief of the stalled car, was a servant of the company.   If the accident had been apparently caused by the act of a stranger while the plaintiff was a passenger, as in Railway Co. v. Gibson, 96 Pa. 83, a collision with a hay wagon, the burden would have been on her to show negligence on part of defendant.   But when it arose from a collision between defendant's cars, operated on its own rails, the presumption of negligence arises and the burden is on defendant to rebut it.

There is nothing of merit in appellant's objection to the form of action ; as before noticed, by the amendment to the statement, it was brought within the provisions of the act of 1895 ; the defendant pleaded the general issue.   It is possible, if this purely technical objection had been raised by demurrer, it would have received fuller notice, but as the record stands it is without merit.

All the assignments of error are overruled and the judgment is affirmed.