## Hutzell *v.* Ruane, Appellant.

*Practice, C. P.—Affidavits of defense—Affidavits by executors—Rules of court.*

Where the rules of court provide that an affidavit of defense made by persons sued in a representative capacity need only state the facts admitted to be true and that the affiant "believes there is a full and legal defense to the remainder," an affidavit of defense made by an executor in compliance with this rule is sufficient to prevent judgment, notwithstanding the allegations in the statement of claim, from which the inference could be drawn that the executor had made a new promise after the death of decedent where there was no averment of any consideration for such promise.

Argued Jan. 19, 1915. Appeal, No. 284, Jan. T., 1914, by defendant, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1913, No. 552, for plaintiff for want of a sufficient affidavit of defense, in case of Maria S. Hutzell v. Michael Ruane and John W. Brennan, executors of the will of Edward J. Ruane, deceased. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Assumpsit for an unpaid balance on an agreement for the sale of real estate.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the facts.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense. Defendants appealed.

*Error assigned* was the judgment of the court.

*Edward J. Mingey,* for appellants.

*Henry W. Scarborough,* for appellee.

OPINION BY MR. JUSTICE STEWART, April 12, 1915:

The action was for the recovery of an unpaid balance of purchase-money alleged to be due and unpaid on article of agreement for the sale and purchase of certain real estate, entered into between the plaintiff and Edward J. Ruane, since deceased, whose estate is here represented by these executors. The defendants filed an affidavit of defense which meets every requirement of the rule of court in such case governing. Rule 58 of the Rules of the Court of Common Pleas of Philadelphia County reads as follows: "When the affidavit of defense is made by an executor, administrator, guardian, committee, or other person sued in a representative capacity, he need only state the facts he admits to be true, and that he believes there is a full and legal defense to the remainder."

Because in the statement filed it was averred that subsequent to the death of Ruane, there were negotiations between the plaintiff and these defendants wherein the actual amount due and owing, $7,681.37, was agreed upon,—though that involved nothing more than the simple calculation of interest—and that "the executors deposited with the Land Title and Trust Company a portion of the $7,681.37, and advised the plaintiff to return to the said Land Title and Trust Co. the next day and collect from the said Title Co. the balance of the said purchase-money which the executors then and there agreed that they would meanwhile deposit with the said Title Co.," the court held that more was required than mere compliance with rule 58 above quoted, inasmuch as "the averments of the statement of claim relate to the transaction between the plaintiff and the executors personally," and for this reason, made absolute the rule for judgment for want of a sufficient affidavit of defense.

There is not a single fact averred in plaintiff's statement which changes in any respect whatever the cause of action from what it would have been had it been brought against Ruane in his lifetime. These executors entered into no new contract for themselves or as executors; the very most that can be said—and that can be arrived at only by inference,—is, that as executors they promised to pay the balance due on the contract of sale. And what did this amount to? Nothing more than a nude pact which bound no one; it added nothing to Ruane's original obligation, but left the matter just where it was before. The action rested on the contract of Ruane, and apart from that contract no cause of action was shown. Therefore, Rule 58, above quoted, was applicable; the affidavit of defense was sufficient, and it was error to make absolute the rule for judgment. The judgment is reversed with a procedendo.