# Kirk, Appellant, *v.* Showell, Fryer & Co., Inc.

*Practice, C. P.—Trespass—Pleading—Statement of claim—Affidavit of defense—Admission or denial at, trial—Act of May 14, 1915, section 6, P. L. 483—Negligence—Automobiles—Master and servant—Agency—Authority to employ assistants—Knowledge of master—Implied authority—Emergency—Evidence.*

1. In an action of trespass for injuries by operation of an automobile by an alleged agent of defendant, a section of the statement of claim, generally but not specifically denied, cannot be offered in evidence at the trial, under the Act of May 14, 1915, P. L. 483, where the facts therein set forth do not establish the agency.

2. Averments that "the work of loading, unloading and operating said motor vehicle was of such a character as to require two men, and for a long time defendant's agent, servant and employee had been in the habit of securing the assistance of one Damiano to help him in the discharge of his duties in and about defendant's business," do not set forth facts sufficient to establish the agency or employment of Damiano by defendant, in the absence of an allegation that his employment by the servant was known to the master.

3. Whether sufficient authority to employ the assistant existed, under the circumstances, and if the facts showed necessity for so doing by reason of an emergency, is ordinarily a fact to be passed upon by the jury.

4. An owner of an automobile may be held liable for the negligent operation of the car by a person engaged by his own employee, when the evidence is such as to justify the jury in finding that there was implied authority on the part of the employee to secure the assistance of another in the performance of his master's work.

Argued January 31, 1923. Appeal, No. 63, Jan. T., 1923, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1920, No. 8425, refusing to take off nonsuit, in

case of Charles W. Kirk v. Showell, Fryer & Co., Inc. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before PATTERSON, J. The opinion of the Supreme Court states the facts. Nonsuit. Refusal to take off. Plaintiff appealed.

*Errors assigned* were order and rulings on evidence, quoting record.

*A. W. Horton,* for appellant.—The averments of the statement should have been admitted: Fulton Farmers Assn. v. Bomberger, 262 Pa. 43; Parry v. First Nat. Bank of Lansford, 270 Pa. 556; Herron v. Church, 46 Pa. C. C. R. 287.

The servant's authority to procure assistance or help while in the pursuit of his master's business may be implied: Byrne v. Brewing Co., 259 Pa. 357; Jones v. Pa. C. & C. Co., 255 Pa. 339; Madara v. R. R., 192 Pa. 542; Quinn v. R. R., 7 Pa. Superior Ct. 19.

Whether an act performed by a servant is within his authority is determined by the fact that the act was done in furtherance of the master's business: Hughes v. Storage Co., 269 Pa. 222, 224.

*Harry S. Ambler, Jr.,* with him *Frank S. Ambler* and *H. Rook Goshorn,* for appellee.—Defendant's chauffeur had no authority to employ assistance on behalf of defendant: Hughes v. Storage Co., 269 Pa. 222; Wind v. Steiert, 71 Pa. Superior Ct. 194; Connor v. R. R., 24 Pa. Superior Ct. 214; Duff v. R. R., 91 Pa. 458; Durham v. Strauss, 38 Pa. Superior Ct. 620; Byrne v. Brewing Co., 259 Pa. 357.

OPINION BY MR. JUSTICE SADLER, March 19, 1923:
Plaintiff was seriously injured by an automobile of the defendant company. It had been placed in charge of Gibboni, a regular employee, and, on the day in question,

he had been directed to deliver a bulky package, containing a hammock, to the office of the American Railway Express Company, secure a shipping receipt, and return. No direct authority had been given him to obtain assistance in performing this service, nor was he permitted generally to allow others to ride in the motor while engaged in his employer's business. On this occasion, he did take with him one Damiano, and together they loaded the parcel, and removed the same to the wharf of the carrier. The driver, with the aid of his friend, carried the hammock, which was heavy, from the truck, and placed it on the platform. The former then awaited the signing of a receipt by the agent of the express company, but, by reason of the presence of many shippers, was delayed in securing the necessary acknowledgment. While so engaged, the motor stood at the landing place, Damiano sitting therein. A policeman directed that the truck be moved so that the congestion of traffic could be relieved. This information was given the driver, who told his companion to obey the order given, but to use care in so doing. Damiano turned on the power, but was unable to control the machine, and caused the injury now in suit. This action was brought for the recovery of damages from the owner of the vehicle, who defends on the ground that the third party was not employed by it, and therefore no responsibility attaches for his negligent acts. After hearing the evidence, a compulsory nonsuit was entered, which the court below refused to set aside; hence this appeal.

The first complaint of appellant is based on the proposed offer of portions of the statement of claim admitted to be true, or not sufficiently controverted in the affidavit of defense. Particular objection is raised to the refusal to admit paragraph seven, which averred: "The work of loading, unloading and operating said motor vehicle was of such a character as to require two men, and for a long time the defendant's agent, servant and employee had been in the habit of securing the assistance of James

Damiano to help him in the discharge of his duties in and about the defendant's business." To this averment, the answer was limited to the word, "denied," though in subsequent paragraphs the agency of Damiano was expressly contradicted. This raises the question of the sufficiency of the affidavit of defense as to the particular statements of fact referred to. By section 6 of the Practice Act of May 14, 1915, P. L. 483, it is provided: "Every allegation of fact in the plaintiff's statement of claim, ......if not denied specifically or by necessary implication in the affidavit of defense,......shall be taken to be admitted,......except as provided in section thirteen," and in other specific exceptions having no relevancy here. It has, therefore, been frequently held in actions of assumpsit that a mere denial of the averments in the statement is insufficient and, without more, the relevant facts set up are to be taken as true: Buehler v. United States Fashion Plate Co., 269 Pa. 428; Parry v. First Nat. Bank of Lansford, 270 Pa. 556; Fulton Farmers Assn. v. Bomberger, 262 Pa. 43.

This, however, is an action of trespass, and the effect of the failure to properly contradict the statements of plaintiff is defined by section 13 of the same act. It is provided, that the same particularity shall be had there in the case of an affidavit of defense, as required by section six, in assumpsit, but if no affidavit of defense is filed, or if that set up is insufficient, then the extent of the admission, which shall be considered to follow, is limited thus: "In actions of trespass the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section six." To the extent indicated, there is an admission of allegations as to which the affidavit makes merely a general denial, as would be so where no affidavit of defense has been filed: Gillespie v.

Penna. Co., 272 Pa. 393; Flanigan v. McLean, 267 Pa. 553. But we are unable to discover from the wording of the seventh paragraph of the statement, taking it as correct, in view of the insufficient answer, how the facts therein set forth establish the agency or employment of Damiano by the defendant, or the ownership of the instrumentality involved, there being no allegation that his employment by the servant was known to the master. Nor do we think it can be treated as a "similar averment," such as is contemplated by the section of the act referred to. The same can be said as to paragraph ten, as to which a general denial was made. In both instances, the offers were properly rejected, since the statements were not of the character to be taken as true, under section 13, when not properly answered in the affidavit filed.

The real matter requiring solution is the responsibility of the master for the act of the third party, called by the servant to aid in the business of the former. If this was done by reason of some emergency, can implied authority to employ and bind be inferred? It will be remembered that Damiano was not chosen by the defendant, but his services were requisitioned by the driver of the truck. The article to be moved was heavy and bulky, and, under the testimony, the jury would have been justified in finding that the services of two men were needed in the handling of it. When finally placed on the platform of the express company, the driver was required to remain there to secure a receipt, and his assistant took charge of the motor. The moving of it was compelled by request of an officer of the law, in the necessary regulation of traffic, and, before attempting to obey, the order was made known to the driver, who directed, or permitted, Damiano to drive, with the injunction to be careful. Did the facts disclose such necessity as justified the servant in calling upon another for assistance to carry out the business of the master? If so, the defendant is liable, notwithstanding there was no direct employment of the third party by it.

"It is a rule universally recognized that the relation of master and servant cannot be imposed on a person without his consent, express or implied. It is upon the exception to this general rule, which is quite as well settled as the general rule itself, that the plaintiff relies to establish the relation of master and servant in this case. The exception is that a servant may engage an assistant in the case of an emergency where he is unable to perform the work alone": Byrne v. Pittsburgh Brewing Co., 259 Pa. 357, 361. Whether sufficient authority to employ the assistant existed, under the circumstances, and if the facts showed necessity for so doing, by reason of an emergency, is ordinarily a fact to be passed upon by the jury: Madara v. Shamokin & Mt. Carmel Elec. Ry. Co., 192 Pa. 542. The general principles to which we have adverted are recognized by the appellate courts of many other states: Hollidge v. Duncan, 199 Mass. 122; Geiss v. Twin City Cab Co., 120 Minn. 368; Wellman v. Miner, 44 N. Y. Supp. 417; Kilroy v. D. & H. Canal Co., 121 N. Y. 22, 24 N. E. 192; Bamberg v. International R. Co., 103 N. Y. 297; James v. Muehlebach, 34 Mo. App. 512.

Here, it might have found from the evidence that the article, carried by direction of the master, was of such size and weight as to require the aid of an assistant in handling, thus creating a necessity which justified the driver in securing aid; and might have concluded, further, that the driver, being unable to leave the platform without risk of the loss of the goods entrusted to his care, was warranted, in the emergency caused by the order of the police officer, in having another move the truck. If such urgency existed, then there was implied authority on the part of the driver to secure assistance in the performance of his master's work, and should this be found by the jury, the defendant is responsible for the injury which resulted from the act of Damiano.

The third assignment of error is sustained, and the judgment is reversed with a procedendo.