## Smyser v. Strawbridge, Executrix.

*Practice, C. P.—Affidavit of defence—Affidavit by persons acting in representative capacity—Executors and administrators—Sufficiency of denials—Act of May 14, 1915.*

1. Under the Act of May 14, 1915, P. L. 483, an affidavit of defence made by an executor, administrator, guardian, committee or other person acting in a representative capacity, is sufficent to prevent judgment if the affiant states "the facts he admits to be true, and that he believes that there is a just and legal defence to the remainder and the facts upon which he bases his belief."

2. Where such an affidavit has been filed, denials of averments contained in the plaintiff's statement, made merely upon the affiant's want of knowledge of the facts averred, are sufficient to prevent the averments being taken as true.

3. In such case, judgment can only be entered against the defendant if the facts of the statement, specifically admitted in the affidavit of defence, together with the additional facts alleged in the affidavit itself, are sufficient in themselves to show that plaintiff has a good cause of action which is not sufficiently met by any defence set up in the affidavit.

Motion for judgment for want of a sufficient affidavit of defence. C. P. York Co., Oct. T., 1922, No. 109.

*Amos W. Herrmann,* for plaintiff; *H. A. Gross,* for defendant.

WANNER, P. J., Oct. 15, 1923.—Under the provisions of the Practice Act of May 14, 1915, P. L. 483, cases in *assumpsit* can only be put at issue by filing an affidavit of defence to the facts alleged in the statement, or where such affidavit sets up a counter-claim, by an answer thereto on the part of the plaintiff.

The filing of a statutory demurrer only raises questions of law.

Section 12 of said statute, therefore, requires the filing of an affidavit of defence in every case, and provides that all material facts of the plaintiff's statement which are not denied therein shall be taken as admitted, except where the defendant is an infant, a person of unsound mind, or one sued in a representative capacity. If the affidavit does not set up a good defence to the plaintiff's claim, judgment may be entered against the defendant for want of a sufficient affidavit of defence. This is familiar practice.

But section 7 of the Practice Act, 1915, provides that when the affidavit is made by an executor, administrator, guardian, committee or other person acting in a representative capacity, "he need only state the facts he admits to be true, and that he believes there is a just and legal defence to the remainder and the facts upon which he bases his belief."

If the affidavit filed by a person acting in a representative capacity contains what is required in this section of the act, it will be sufficient to put the case at issue and to prevent judgment against the defendant for want of sufficient affidavit of defence. It also gives to the plaintiff all the information which the defendant is in possession of, as to matters of defence to be set up at the trial of the case.

Judgment against such a defendant can, therefore, only be entered if the facts of the statement specifically admitted in the affidavit of defence, together with the additional facts alleged in the affidavit itself, are sufficient in themselves to show that the plaintiff has a good cause of action which is not sufficiently met by any defence set up in the affidavit.

This suit is brought to recover the amount of certain doctors' bills and funeral expenses of the decedent, Ellen K. Smyser, which it is alleged were paid by the plaintiff, and assignments of the creditors' claims for said sums taken by the plaintiff before suit brought.

The defendant admits that the plaintiff and the defendant are citizens of Pennsylvania, and that letters testamentary were granted to the defendant, Elizabeth S. Strawbridge, on the last will and testament of Ellen K. Smyser, deceased, but denies, from want of personal knowledge, that said sums were paid by the plaintiff, or that said assignments of the creditors' claims against the deceased were made to the plaintiff, as alleged in the plaintiff's statement. If the defendant was not sued as the personal representative of the decedent, these denials would be wholly insufficient, and the facts as alleged in the plaintiff's statement would be taken as admitted: Buehler v. U. S. Fashion Plate Co., 269 Pa. 428-432; Kirk v. Showell, Fryer & Co., 276 Pa. 587, 589-590.

But these facts, though undenied, cannot be taken as admitted as against the defendant acting in a representative capacity.

The defendant further avers her belief that there is a just and legal defence to the whole of the plaintiff's claim, and as a basis of such belief, alleges certain other facts, viz., that the plaintiff, being the mother of the decedent, voluntarily, and without the knowledge or consent of this defendant, made whatever payments may have been made by her because of her relationship to the deceased.

This affidavit of defence seems to be in substantial compliance with the requirements of the above cited section 7 of the Practice Act, 1915, and it is, therefore, in our opinion, and under the following decisions on the subject, sufficient to prevent judgment for want of a sufficient affidavit of defence: Moore vs. Luzerne County, 262 Pa. 216; Hutzell vs. Ruane, 249 Pa. 50; Comerer v. Fraker's Administrator, 29 Dist. R. 491; Lambert v. Welfley's Executor, 35 York Leg. Record, 19; McSorley v. Mamaux et al., Executors, 28 Dist. R. 1010.

In Moore v. Luzerne County, 262 Pa. 216-219, the court said: "After all the applicable procedural rules have been given due effect, if it is still not clear that the plaintiff is entitled to summary judgment, the rule must be discharged and the case remitted for trial, that under examination and cross-examination, in the presence of the court, the exact truth may be laid bare."

It has accordingly been held in several very recent cases that wherever a doubt exists as to a party's right to a summary judgment, it should always be
4 D. & C.

Smyser v. Strawbridge, Executrix.

resolved against entering the judgment, because the power so to do is only intended to be exercised in clear cases: Franklin Sugar Refining Co. v. John, 274 Pa. 190, 200; Rhodes v. Terheyden, 272 Pa. 397-402.

And now, to wit, Oct. 15, 1923, the plaintiff's motion for judgment for want of a sufficient affidavit of defence is overruled and refused.

From Richard E. Cochran, York, Pa.