## South Hills Trust Co. *v.* Baker, Appellant.

*Practice, C. P.—Affidavit of defense—Assumpsit—Tort—When affidavit required—Sufficiency of affidavit—Embezzlement of bank funds.*

1. Where personal property has been wrongfully taken and converted into money or money's worth, the owner may waive the tort and sue the wrongdoer for money had and received.

2. Where a bank sues an employee in assumpsit to recover a money judgment for sums embezzled by him, the defendant must file an affidavit of defense. Parry v. First Nat. Bank of Lansford, 270 Pa. 557, distinguished.

3. In such case, if the statement specifically charges the embezzlement of money received from depositors, setting forth the amounts, names of depositors, and dates of misappropriation, and also a theft of cash, stating the exact amount, an affidavit of defense is insufficient which denies that defendant embezzled "money from plaintiff in the manner set forth in the statement," without in any way meeting its specific averments.

Argued October 8, 1923. Appeal, No. 11, Oct. T., 1923, by defendant, from order of C. P. Allegheny Co., July T., 1922, No. 2856, making absolute rule for judgment for want of sufficient affidavit of defense, in case of South Hills Trust Co. v. Harry W. Baker. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for money embezzled. Before STONE, J.

The opinion of the Supreme Court states the facts.

Rule for judgment for want of a sufficient affidavit of defense.

Rule absolute. Defendant appealed.

*Error assigned* was order, quoting record.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellant.—
This action, although brought in assumpsit, is founded on a tort, and plaintiff is not entitled to judgment in

such case for want of sufficient affidavit of defense: Parry v. Bank, 270 Pa. 556; Corry v. R. R., 194 Pa. 516; Smith v. Wertheimer, 76 S. C. 210.

The affidavit of defense filed is sufficient to prevent judgment: Buehler v. Fashion Plate Co., 269 Pa. 428; Fulton Farmers Association v. Bomberger, 262 Pa. 43.

*C. Elmer Bown,* with him *Edwin W. Smith,* for appellee.—The affidavit of defense is insufficient: Law v. Waldron, 230 Pa. 458; Reilly v. White, 234 Pa. 115; Bell Tel. Co. v. Deakyne, 73 Pa. Superior Ct. 158.

Assumpsit is an appropriate remedy to recover money embezzled, and an affidavit of defense is required: Kimble v. Carothers, 81 Pa. 494; Prior v. Morgan, 170 Pa. 568; O'Neill v. Brown, 17 Pa. Dist. R. 1062; Bethlehem Boro. v. Fire Co., 81 Pa. 445; Reeside v. Reeside, 49 Pa. 322.

OPINION BY MR. JUSTICE SCHAFFER, January 7, 1924:

Defendant is before us urging that judgment was improperly entered against him for want of a sufficient affidavit of defense, first, because the action, as disclosed by the statement of claim, to which his affidavit responded, was in tort, and therefore no affidavit was required, and, second, if required, it denied the averments made against him in such manner as to prevent judgment.

Plaintiff is a trust company engaged in the business or receiving money on deposit and defendant was employed by it as assistant secretary, assistant treasurer and teller. The statement of claim alleges that, while so employed, he embezzled its funds to the amount of $104,-309,26, upon which it admits a restitutionary credit of $21,197.99, leaving a net loss, including interest, of $85,-613.12.

Was the action in tort and was an affidavit of defense required? "The rule is well settled that, where personal property has been wrongfully taken and converted into

money or money's worth, the owner may waive the tort and sue the wrongdoer in contract for money had and received, upon the theory that he ratifies the sale as made for his benefit, and sues to recover the proceeds as money had and received to his use": 1 Corpus Juris 1033. "If that which is taken is already in the form of money, the decisions are uniform to the effect that the owner may waive the tort and sue in contract to recover it": 1 Corpus Juris 1035; Kimble, Admr., v. Carothers, 81 Pa. 494; Pryor v. Morgan, 170 Pa. 568; Second National Bank of Altoona v. Gardner, 171 Pa. 267.

Appellant relies, to sustain his position that no affidavit of defense was required because the action was really in tort, upon the case of Parry v. First National Bank of Lansford, 270 Pa. 557, in which it was determined that in an action of assumpsit against a bank to recover a money judgment for certain stocks and bonds alleged to have been deposited with defendant, the statement was defective and required no affidavit of defense, where it set up a claim practically in tort for trover and conversion and did not sufficiently liquidate the damages to give the court a proper basis upon which to enter judgment. It was pointed out that the averments of the statement as to the deposit with the defendant of specific stocks and bonds related in their fundamental characteristics to either the action of replevin or detinue or to that of trover and conversion, whereas the plaintiff's claim was distinctly for a money judgment, there being no request for the return of the specific articles alleged to have been deposited and illegally retained. The difference was clearly pointed out by the present Chief Justice, speaking for the court, between the action as it was and the action as it might have been, when he said: "Since plaintiff asks a money judgment alone, and makes no allegation that the bank sold the alleged deposited articles, or received value for them, the declaration averring no specific contract, the breach of which would put defendant in the legal position *of having received money*

*for plaintiff's account*......the allegations contained therein, so far as the items now under discussion are concerned, practically reduce plaintiff's claim to one in tort for trover and conversion; and this demands no affidavit of defense." Under all the precedents, it must, therefore, be adjudged that an affidavit of defense was required.

As to the second question, whether the affidavit of defense was sufficient to prevent judgment, we are of opinion that it was not, for reasons which are quite apparent. The basis of the action as set forth in the statement of claim was that the defendant received certain moneys in plaintiff's behalf. This is categorically admitted. Following this averment in the statement is one that, in violation of his duties, defendant embezzled the sum of $104,309.26 of plaintiff's money and fraudulently and wrongfully converted and misappropriated it. Then follows a specific averment of the method by which the money was taken, with exhibits showing the accounts from which it was abstracted and the dates, and the amounts which were misappropriated in each instance; a further averment that the defendant stole from the cash of the plaintiff in his custody a sum of money, the exact amount being stated; and an additional claim for interest on the deposits received by defendant, which interest plaintiff was required to pay to the depositors. Answering these allegations, defendant, a confessed embezzler, denies "That he embezzled money from plaintiff *in the manner set forth in*" the paragraphs of the statement of claim, but he does not say how he embezzled it, if not in the manner alleged. He admits he used of plaintiff's funds an aggregate sum of $26,378.93 but is particular not to say that this is all the money of plaintiff which he did use. Nowhere in his affidavit does he meet the specific items in depositor's accounts which he is alleged to have abstracted. He asserts by innuendo that others of plaintiff's employees misappropriated its funds and that the deficiency with which he is being charged is in large measure due to their wrongdoing, without naming them

or setting up any facts on which to base the insinuation. It could not be said that what is here set up amounts even to a general denial, which would not be sufficient: Kirk v. Showell, Fryer & Co., Inc., 276 Pa. 587. It is an evasion. To deny that he embezzled "in the manner set forth in" the statement of claim amounts to nothing so far as a defense is concerned. In view of the explicit averments of the plaintiff's statement as to what money it was that he did embezzle, it was incumbent upon defendant, if he did not take these specific sums, to deny the charge in each instance and to set forth with particularity what sums he had misappropriated. As was said by Mr. Justice SIMPSON, speaking for the court in Fulton Farmers Asso. v. Bomberger, 262 Pa. 43, which was an action by the association to recover from its treasurer money received by him for its account and not paid over and in which there was a general denial: "To make his denial effective, a defendant must deny that he collected anything from the party named in the statement [here, received anything from the depositor named in the statement] or aver how much he did collect from that party."

The defendant set up a claim for credit resulting from what he alleged to be the value of property turned over by him to plaintiff in excess of the credit allowed in the statement of claim, and, in entering judgment, the court allowed the credit at defendant's figure. This in our opinion is all he is entitled to.

The assignments of error are overruled and the judgment is affirmed.