Matzek *v.* United Storage & Trucking Company et al., Appellants.

Argued April 17, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*John M. Reed,* for appellants.

*Samuel Goldstock,* for appellee, was not heard.

OPINION BY KELLER, P. J., July 10, 1936:

Adam Matzek was employed by the defendant, United Storage and Trucking Company, as a truck driver. On June 6, 1933, while engaged on his employer's business at West Bridgewater, about twenty-five miles from the company's office and warehouse at Pittsburgh, he became sick and asked William Leszum, formerly employed as a truck driver by the defendant company, who was riding with him on the truck, to drive the truck for him, while he lay down, or seated himself, in the rear of the body of the truck. In rounding a curve, to make room for a truck coming in the opposite direction, the right hind wheel went into a hole or rut, causing the rear end of the truck to strike a post or posts on the side of the highway. The collision caused the end gate of the truck to open and Matzek was thrown out and received injuries from which he died the same day. His employer and its insurance carrier have appealed from the judgment of the court below, affirming the award by the Workmen's Compensation Board in favor of the deceased employee's widow; the Board having likewise affirmed the findings and award of the referee, and made the following additional finding of fact: "In employing Leszum as a substitute, when he became ill, decedent did not violate any order of his employer, for while decedent had been instructed to telephone the employer if a truck broke down, or met with a mishap, on the road, no orders were given to him which prohibited him from procuring a substitute driver if taken ill while on a trip."

The above recital of facts establishes that the employee had not abandoned his employment nor taken himself out of the course of his employment, within the meaning of our appellate court decisions, by asking Leszum to drive the truck for him on the return trip to Pittsburgh, when he became too sick to drive it himself. His employer's rule that if a truck broke down

on the road, the driver should telephone the warehouse immediately did not cover a case like this one, nor forbid the employee's use of his best judgment in the situation of emergency then existing. The manager of the trucking company frankly admitted that he had given the drivers no instructions as to what they should do in case any of them got sick while on the road; that he had issued no orders prohibiting them, if they became sick while driving a truck for the company, from securing another driver to complete the trip back to defendant's garage and warehouse.

While the driver may have violated the order of his employer in taking Leszum along as a passenger, or rider, even though he assisted in the unloading of the goods, the accident did not happen from any act or conduct of Leszum as a rider, but occurred while he was driving the car at Matzek's request because of the latter's inability to do so, by reason of sickness.

The case is too plain to need extended discussion. See, however, Dzikowska v. Superior Steel Co., 259 Pa. 578, 103 A. 351; Bradley v. Congoleum Nairn Inc., 92 Pa. Superior Ct. 374; Kirk v. Showell, Fryer & Co., 276 Pa. 587, 120 A. 670.

Judgment affirmed.