## Newman *v.* Newman et al., Appellants.

Argued December 6, 1937. Before SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*Horace Michener Schell,* for appellants.

*Joseph J. Brown,* with him *John Arthur Brown* and *D. Alexander Wieland,* for appellee.

OPINION BY MR. JUSTICE LINN, January 3, 1938:

This is an interpleader to determine the ownership of the proceeds of a life insurance policy issued by Ætna Life Insurance Company, on the life of Walter B. Newman, deceased. His widow is plaintiff and his executors are defendants. The policy was issued July 11, 1925. The beneficiary designated was his wife. The insured reserved the right to change the beneficiary. On April 9, 1932, the beneficiary was changed to the executors, administrators or assigns of the insured, and on April 11th the policy was assigned to Corn Exchange National Bank & Trust Company of Philadelphia as collateral security for a loan. On or about January 4, 1937, the loan was paid and the bank executed a relinquishment of assignment of its interest in the policy, which, as appellant's history of the case states, was then "pledged by the insured to the [insurer] as security for a loan indebtedness and the money thus obtained used to pay the obligation" of the bank. At the same time Newman's wife was restored as beneficiary.

554

The defendant executors claimed on the ground that when the insured's wife was restored as beneficiary the insured was insolvent and that the attempt to restore her as beneficiary was, in the words of the affidavit of defense, an effort "to cheat and defraud his creditors and was in violation of the provisions of the Uniform Fraudulent Conveyances Act." No facts are stated as basis for the averments; the mere conclusion is ineffective; compare *Punxsutawney v. Mitchell (No. 2)* 320 Pa. 177, 180, 182 A. 374.

The learned court below held that the affidavit of defense was insufficient. The husband merely restored to the plaintiff the same policy benefit which she had relinquished so long as was necessary to secure the bank's loan to him; when the loan was repaid she was merely put in the position she had occupied before. There is nothing to show bad faith: see *Stutzman, Administrator v. Fidelity Insurance Company,* 315 Pa. 47, 172 A. 302. The situation is precisely what it would have been if, instead of formally changing the beneficiary, the wife had originally joined in the assignment as collateral and on payment of the debt the policy had been returned by the bank.

Judgment affirmed.